In re: ENTERPRISE RENT–A–CAR WAGE & HOUR EMPLOYMENT PRACTICES LITIGATION.

MDL No. 2056.

United States Judicial Panel on Multidistrict Litigation.

June 10, 2009.

Before JOHN G. HEYBURN II, Chairman, J. FREDERICK MOTZ, ROBERT L. MILLER, JR., KATHRYN H. VRATIL, DAVID R. HANSEN, W. ROYAL FURGESON, JR. and FRANK C. DAMRELL, JR., Judges of the Panel.

**TRANSFER ORDER**

JOHN G. HEYBURN II, Chairman.

**Before the entire Panel:** Plaintiff in an action pending in the Northern District of Illinois (*Averill*) has moved, pursuant to 28 U.S.C. § 1407, for centralization of this litigation in the Northern District of Illinois. This litigation currently consists of two actions pending in the Northern District of Illinois (including the moving plaintiff's action) and five actions pending in the Middle District of Florida, the Southern District of Florida, the Northern District of Georgia, the Southern District of New York, and the Western District of Pennsylvania, respectively, as listed on Schedule A.[1]

Plaintiffs in the six other constituent actions support centralization. With the exception of plaintiff in the Western District of Pennsylvania action, who urges that the Panel select that district as transferee district, all responding plaintiffs support selection of the Northern District of Illinois. Responding defendants Enterprise Rent–A–Car Co., Inc., and its affiliates, however, oppose centralization, and, if the Panel orders centralization over their objections, ask that the Eastern District of Missouri be selected as transferee district.

On the basis of the papers filed and hearing session held, we find that these seven actions involve common questions of fact, and that centralization under Section 1407 in the Western District of Pennsylvania will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. All actions involve allegations that defendants violated the Fair Labor Standards Act (FLSA) by misclassifying their assistant managers as salaried and thus not entitled to overtime. Centralization under Section 1407 will eliminate duplicative discovery and prevent inconsistent pretrial rulings (particularly with respect to plaintiffs' multiple requests for certification of a nationwide collective action), and conserve the resources of the parties, their counsel and the judiciary.

In opposing centralization, defendants argue, *inter alia,* that the actions do not share factual issues, because individual Enterprise subsidiaries—unique to each state—employed the assistant branch managers and were responsible for classifying them as exempt and ensuring compliance with the FLSA. We are not persuaded by this argument, however, because the record indicates that the involvement *vel*

---

1. The Panel has been notified of one additional related action, which is currently pending in Northern District of Alabama. That action and any other related actions will be treated as potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435–36 (2001).

*non* of Missouri-based Enterprise Rent–A–Car Co., Inc., in overseeing its subsidiaries and, in particular, setting policies affecting the employment of assistant managers is, in fact, an open question common to the actions in the litigation. On this and any other common issues, centralization under Section 1407 has the benefit of placing all actions in this docket before a single judge who can structure pretrial proceedings to consider all parties' legitimate discovery needs, while ensuring that common parties and witnesses are not subjected to discovery demands that duplicate activity that has already occurred or is occurring in other actions. *See, e.g., In re Department of Veterans Affairs (VA) Data Theft Litigation,* 461 F.Supp.2d 1367, 1368–69 (J.P.M.L.2006). As centralized proceedings evolve in the transferee district, it may be that unique issues in one or more of the subject actions render their continued inclusion in the multidistrict proceedings unnecessary or inadvisable. At that point, defendants (or the involved plaintiff or plaintiffs) are free to approach the transferee judge for a suggestion of remand to the transferor court. Whenever the transferee judge deems remand of any claims or actions appropriate, procedures are available whereby this may be accomplished with a minimum of delay. *See* Rule 7.6, R.P.J.P.M.L., 199 F.R.D. 425, 436–38 (2001).

We are persuaded that the Western District of Pennsylvania is an appropriate transferee district for pretrial proceedings in this litigation. The first-filed action is pending there, and that action is measurably more advanced than either *Averill,* which has, in fact, been stayed since December 2008, or the other constituent action pending in the Northern District of Illinois.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the Western District of Pennsylvania are transferred to the Western District of Pennsylvania, and, with the consent of that court, assigned to the Honorable Joy F. Conti, for coordinated or consolidated pretrial proceedings with the action pending in that district and listed on Schedule A.

## SCHEDULE A

MDL No. 2056 — **IN RE: ENTERPRISE RENT-A-CAR WAGE & HOUR EMPLOYMENT PRACTICES LITIGATION**

*Middle District of Florida*

Elsa DePina v. Enterprise Leasing Co. of Orlando, et al., C.A. No. 6:09–359

*Southern District of Florida*

Wayman F. Graham, II, et al. v. Enterprise Leasing Co., et al., C.A. No. 1:07–23372

*Northern District of Georgia*

Tori Gaudelli, et al. v. Enterprise Rent–A–Car Co. of Tennessee, et al., C.A. No. 1:09–580

*Northern District of Illinois*

Michael Keith Averill, Jr. v. Enterprise Rent–A–Car Co., C.A. No. 1:08–4191

Jeffrey Galia, et al. v. Enterprise Rent–A–Car Co., et al., C.A. No. 1:09–1504

*Southern District of New York*

Jasmine Bromfield v. Enterprise Rent–A–Car Co., et al., C.A. No. 7:09–2403

*Western District of Pennsylvania*

Nickolas C. Hickton v. Enterprise Rent–A–Car Co., et al., C.A. No. 2:07–1687